# Exhibit G

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**OFFICE OF THE SECRETARY**
**NATIONAL APPEALS DIVISION**

May 27, 2026

**XXXXX**
**XXXXX**
**XXXXX**

**XXXXX**
**XXXXX**
**XXXXX**

RE: NAD Case No. 2026E000333

Dear **XXXXX**:

This letter responds to the appeal you filed with the National Appeals Division (NAD) on behalf of **XXXXX XXXXX** in response to a Stakeholder Announcement (Announcement) issued by Rural Development's Rural Business Cooperative Service (RBCS) on
March 31, 2026.

In the Announcement, RBCS stated its intent to update the regulations for the Rural Energy for America Program (REAP) to comply with Executive Order 14315, *Ending Market Distorting Subsidies for Unreliable, Foreign Controlled Energy Sources.* RBCS will not make further grant awards until the new regulations are in effect. At that time, a new Notice of Funding Opportunity will be published and applicants who previously submitted a grant application can reapply. The Announcement "applies to any applicant that does not possess a fully executed Financial Assistance Agreement." The planned changes to the REAP program reflect RBCS's "commitment to ending the massive cost of providing taxpayer handouts for unreliable energy sources and follows Administrative priorities of energy dominance, national security, economic growth, and the fiscal health of the nation."

In your appeal request, you state: "We have coordinated grant extensions with the USDA Rural Development office, signed contracts with contractors, and begun construction prior to March 31, 2026." You ask that RBCS execute a financial assistance agreement once the project is complete and pay the grant proceeds. You also request equitable relief based on your good faith reliance on RBCS's approval and your efforts to comply with REAP program requirements.

NAD's implementing regulations codified at 7 C.F.R. Part 11, provide the relevant authority for determining whether an agency's decision is appealable to NAD. Pursuant to 7 C.F.R. § 11.6(a)(2), the NAD Director "shall determine whether the decision is adverse to the individual participant and thus appealable or is a matter of general applicability and thus not subject to appeal …." There are two components to making an appealability determination. First, the decision must be adverse to the program participant. Second, the decision must be based on an individual application of the program rather than a generalized application. Thus, program participants may not seek NAD review of agency regulations or statutory provisions that establish basic program requirements or eligibility criteria. *See* 7 C.F.R. § 11.3(b) (clarifying that the NAD appeals process may not be used to seek review of statutes or USDA regulations issued under federal law). On the other hand, program participants may seek review of decisions that are based on an individual application of an agency's regulations, policies, or specified criteria.

It is not necessary to examine the first prong of the appealability determination (whether the Announcement is adverse to **XXXXX XXXXX**) because the second prong (whether the matter is one of general applicability) supports the conclusion that this matter is not subject to a NAD appeal. The Announcement that RBCS will not make any further REAP grant awards is not based on the individual application of specific program criteria.[1] Instead, RBCS notified all stakeholders that it plans to update

the REAP regulations to better align the program with the general policy priorities of USDA. This decision to effectively suspend the REAP grant program at this time is based on the general policy priorities of USDA.

Therefore, in accordance with 7 C.F.R. § 11.6(a)(2), I have made the following final determination:

**RBCS's March 31, 2026, Announcement is not appealable because it concerns matters of general applicability.**

Accordingly, I decline to accept your request for an appeal.

Sincerely,

/S/

Jennifer K.M. Nicholson
Acting Director